Filed 12/23/22  P. v. Jones CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090630 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F07610) |
| v. | OPINION ON TRANSFER |
| GERALD EDWARD JONES, | |
| Defendant and Appellant. | |

Defendant Gerald Edward Jones appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  A jury found defendant

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  Defendant filed his petition under former section 1170.95, but we will refer to the current section 1172.6 throughout this opinion.

1

guilty of the first degree murder of Justin Roberts during the course of a burglary; the trial court sentenced him to life without the possibility of parole, and his conviction was affirmed on appeal.

Defendant later petitioned the trial court for resentencing based on changes to the felony-murder rule under Senate Bill No. 1437. (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) The trial court summarily denied his petition finding the record established defendant was ineligible for resentencing given the jury's true finding on the burglary-murder special circumstance under section 190.2. The court reasoned that in finding the special circumstance true, the jury necessarily found defendant was either the actual killer, aided and abetted the actual killer with the intent to kill, or was a major participant who acted with reckless indifference to human life during the crimes.

In an unpublished opinion, we affirmed the trial court's order denying defendant's resentencing petition, holding that any error in failing to obtain briefing before summarily denying the petition was harmless beyond a reasonable doubt given the jury's true finding on the burglary-murder special circumstance, which this court had previously upheld in defendant's direct appeal. (*People v. Jones* (Dec. 15, 2020, C090630) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). By separate order, we vacated our decision.

In supplemental briefing after transfer, the parties agree that defendant's petition was facially sufficient, and that under *Strong* neither the jury's true finding on the burglary-murder special-circumstance allegation, which was made before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 clarified what it means to be a major participant who acts with reckless indifference to human life, nor this court's conclusion on direct appeal that substantial

2

evidence supported the special-circumstance finding, precludes defendant from relief under section 1172.6 as a matter of law. Having reconsidered the matter, we agree and will reverse and remand for further proceedings under section 1172.6.

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts from the unpublished opinion we issued in 2004 affirming defendant's convictions in case No. C045098. (*People v. Jones* (Nov. 24, 2004, C045098) [nonpub. opn.].)[3] In September 2001, defendant and two cohorts, Andre Craver and Eric Shelmire, planned to steal marijuana from Roberts's apartment. They arrived in two cars at the apartment complex; defendant drove his own vehicle and the codefendants drove in another vehicle. All three were dressed in black so as not to be seen. Defendant saw Craver pull out a gun before entering Roberts's darkened apartment. Craver entered the apartment first through an open window, and defendant followed; Shelmire remained outside. Immediately upon entering, Craver landed on a person who was sleeping beneath the open window. They struggled, and upon hearing the commotion, Roberts came running out and turned on a light. Three gunshots were fired, and defendant and Craver then left the apartment through the window. Roberts died of a gunshot wound to the chest.

A jury found defendant guilty of the first degree murder of Roberts and found true the special circumstance that the murder was committed during a robbery. The jury also found true that a principal was armed with a firearm during the offense. Defendant was sentenced to state prison for one year plus a consecutive indeterminate term of life without possibility of parole.

---

[3] A copy of our unpublished opinion in *Jones* is included in the record on appeal. We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (§ 1172.6, subd. (d)(3).)

3

Defendant appealed his conviction, arguing, among other things, that insufficient evidence supported the true finding on the burglary-murder special circumstance. We found sufficient evidence supported the finding that defendant was a major participant who acted with reckless indifference to human life, and affirmed the judgment in full.

In January 2019, defendant filed a petition for resentencing under section 1172.6, alleging that he could not now be convicted of murder because of the changes Senate Bill No. 1437 made to sections 188 and 189. He also requested appointment of counsel during the resentencing process.

The court issued an order appointing defendant counsel. The People responded to the petition, arguing, as relevant here, that defendant failed to establish a prima facie case for relief because the jury's true finding on the burglary-murder special circumstance rendered him ineligible for relief as a matter of law. (§§ 187, 190.2, subd. (a)(17).)

The trial court denied defendant's petition, concluding that he was ineligible for relief because in finding the burglary-murder special circumstance true, "the jury necessarily found that defendant . . . was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life." The court further noted that this court had previously found sufficient evidence supported the special-circumstance finding. Defendant timely appealed the trial court's denial of his petition.

## DISCUSSION

Defendant originally argued the trial court prejudicially erred by denying his petition without first obtaining his counsel's reply to the People's response and because the jury's true finding on the burglary-murder special circumstance did not preclude him from relief as a matter of law. In supplemental briefing, the parties now agree, as do we, that the trial court erred in summarily denying defendant's petition.

The Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure

4

that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

As pertinent here, Senate Bill No. 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit briefs. (§ 1172.6, subds. (b)(3) & (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§ 1172.6, subds. (c) & (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in

5

'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

Since defendant's convictions, our Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other grounds in *Lewis*, *supra*, 11 Cal.5th at p. 963.) After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong*, *supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* finding, which this court upheld against defendant's sufficiency of the evidence challenge on direct appeal, precluded defendant from making a prima facie showing. The trial court's conclusion does not survive *Strong*.

Defendant's resentencing petition, which requested counsel, was facially sufficient and alleged the essential facts necessary for relief under section 1172.6 if proven. (§ 1172.6, subds. (a)-(c); *Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) Nothing in the record demonstrates defendant is ineligible for relief as a matter of law, so we must reverse and remand the matter for the trial court to issue an order to show cause, and, to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subd. (d).) We express no opinion on the ultimate resolution of the petition.

DISPOSITION

The trial court's order denying defendant's Penal Code section 1172.6 petition is reversed.  On remand, the trial court is directed to issue an order to show cause, and, to the extent necessary, the court shall hold an evidentiary hearing on the petition.

/s/
Robie, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Boulware Eurie, J.

7